**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
**In re**
                                                        **Chapter 11**
**Linda Grant Williams**                         **Case No. 19-22243 (RDD)**
                        **Debtor.**
------------------------------------------------------------x

## ORDER AUTHORIZING EMPLOYMENT OF
## LEWIS W. SIEGEL AS ATTORNEY

      Upon the unopposed application, by notice of presentment dated March 7, 2019 (the "Application") of Linda Grant Williams, the debtor and debtor in possession herein (the "Debtor"), for an order pursuant to Bankruptcy Code Section 327(a), 328 and 1107, authorizing Debtor to employ Lewis W. Siegel ("Siegel") as her attorney in this case on the terms set forth in the Application, nunc pro tunc to the date the case was filed (the "Petition Date"), all as more fully set forth in the Application; and upon the affirmation of Lewis W. Siegel, Esq. In support of the Application; and it appearing that the Court has jurisdiction to consider the Application; and the Court being satisfied that Siegel is a "disinterested" person within the meaning of Sections 101(14) and 327(a) of the Bankruptcy Code; that Siegel does not hold or represent an adverse interest to the Debtor or the estate, and that his retention is necessary and in the best interests of Debtor, her creditors, and the estate; and it appearing that due and sufficient notice of the Application has been given under the circumstances, and no additional notice or a hearing being required; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED**, that

    1.    The Application is granted to the extent set forth herein.

    2.    In accordance with Section 327(a) of the Bankruptcy Code Debtor is authorized to employ and retain Siegel as her attorney, nunc pro tunc to the Petition Date.

    3.    Siegel shall be compensated for fees and reimbursed for reasonable and necessary expenses pursuant to sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules for the Southern District of New York and the fee and

expense guidelines of this Court after application therefor.

4. The prepetition retainer paid to Siegel may be applied to services related to this case rendered prior to the Petition Date, and the balance shall be applied to any amount granted by the Court in respect of Siegel's first fee application and, if necessary, the next subsequent allowed fees and expenses allowed by the Court. In its first application for compensation, Siegel will provide an accounting of the portions of the retainer applied to prepetition services.

5. At least ten business days' notice must be provided by Siegel to the Debtor, the United States Trustee and any official committee prior to his implementing any increases in the rates set forth in the Application and/or Engagement Letter in this case, and such notice must be filed with the Court.

6. If the Application is inconsistent with this Order, the terms of this Order shall govern.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: White Plains, New York
March 27, 2019

/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

No Objection
William K. Harrington
United States Trustee

/s/ Richard C. Morrissey
_____
By: Richard C. Morrissey, Esq., Trial Attorney
3/5/2019